UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DREW MITCHEM, | CASE NO. C18-5366 BHS |
| Plaintiff, | |
| v. | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, | |
| Defendant. | |
| DONNELL LINTON, | CASE NO. C18-5564 BHS |
| Plaintiff, | |
| v. | |
| NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, | |
| Defendant | |
| LAURA VAUGHNS and ALBERT J. VAUGHNS, individually and as Joint Guardians to AG, JR, ZL, LS and FJ, their minor children; and ZOE MARIE TOWNSEND VAUGHNS, | CASE NO. C18-5823 BHS |
| Plaintiffs, | |
| v. | |
| NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, | |
| Defendant | |

This matter comes before the Court on Defendant National Railroad Passenger Corporation d/b/a Amtrak's ("Amtrak") motion for summary judgment on punitive damages and the Washington Consumer Protection Act ("CPA") claims. Dkt. 39. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion in part and denies it in part for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On May 8, 2018, Plaintiff Drew Mitchem ("Mitchem") filed a complaint against Amtrak asserting a claim for negligence and a claim for violation of the CPA and seeking actual and punitive damages. Dkt. 1.

On July 17, 2018, Plaintiff Donnell Linton ("Linton") filed a complaint against Amtrak asserting a claim for negligence and a claim for violation of the CPA and seeking actual and punitive damages. C18-5564BHS, Dkt. 1.

On October 11, 2018, Plaintiffs Laura Vaughns and Albert J. Vaughns, individually and as guardians of A.G., J.C., Z.L., L.S., and B.J., and Zoe Marie Townsend Vaughns ("Vaughns") filed a complaint against Amtrak asserting a claim for negligence and a claim for violation of the CPA and seeking actual and punitive damages. C18-5823BHS, Dkt. 1.

On June 10, 2019, the Court granted Mitchem, Linton, and the Vaughns' ("Plaintiffs") unopposed motion to consolidate these cases. Dkt. 30.

On August 9, 2019, the Court granted Amtrak's motion for summary judgment on punitive damages in a related case, *Wilmotte v. Nat'l R.R. Passenger Corp.*, C18-

0086BHS, 2019 WL 3767133 (W.D. Wash. Aug. 9, 2019), and granted in part and denied in part Amtrak's motion for summary judgment on a CPA claim in another related case, *Harris v. Nat'l R.R. Passenger Corp.*, C18-134BHS, 2019 WL 3767140 (W.D. Wash. Aug. 9, 2019). On October 1, 2019, the Court granted in part and denied in part Amtrak's motion for summary judgment on punitive damages and a CPA claim in another related case. *Garza v. Nat'l R.R. Passenger Corp.*, C18-5106 BHS, 2019 WL 4849489 (W.D. Wash. Oct. 1, 2019). On October 17, 2019, the Court granted Amtrak's motion for summary judgment on punitive damages in another related case. *Goetz v. Nat'l R.R. Passenger Corp.*, C18-93 BHS, 2019 WL 5266842 (W.D. Wash. Oct. 17, 2019).

On October 30, 2019, Amtrak filed the instant motion for summary judgment on punitive damages and Plaintiffs' CPA claims. Dkt. 39.

On November 7, 2019, the Court granted in part and denied in part Amtrak's motion for summary judgment on punitive damages and a CPA claim in another related case. *Jones v. Nat'l R.R. Passenger Corp.*, C18-5062 BHS, 2019 WL 5802069 (W.D. Wash. Nov. 7, 2019).

On November 18, 2019, Plaintiffs responded to Amtrak's motion. Dkt. 45. On November 22, 2019, Amtrak replied. Dkt. 47.

On December 20, 2019, Amtrak filed a notice that all claims in the Mitchem case were settled. Dkt. 52.

## II. DISCUSSION

**A.   Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial—e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically

attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

**B.     Punitive Damages**

In this case, the majority of the Plaintiffs' argument have been thoroughly considered and rejected by the Court. Plaintiffs, however, raise two new arguments that the Court will address. First, Plaintiffs contend that the Court must submit a particular question of fact to the jury. It is undisputed that, in a choice of law analysis, the Court must weigh five different categories of contacts within the disputed forums, one of which is "the place where the conduct causing the injury occurred." *Singh v. Edwards Lifesciences Corp.*, 151 Wn. App. 137, 143 (2009) (citing *Johnson v. Spider Staging Corp.*, 87 Wn.2d 577, 581 (1976)). Plaintiffs argue that causation is a question of fact for the jury and that the Court should submit to the jury whether Amtrak's conduct in Delaware or Washington caused Plaintiffs' injury. Dkt. 45 at 5–6. Plaintiffs fail to cite any authority for this proposition other than the general rules regarding summary judgment. Based on the case citations for the *Restatement (Second) of Conflict of Laws § 145* (1971), which sets forth the general test of contacts within the forum, it appears that almost every jurisdiction in the nation has adopted this test is one form or another. Plaintiffs have failed to cite, and the Court unaware of, any authority for the proposition

that the weighing of contacts under the causation category of contacts should be submitted to the jury. In the absence of such authority, the Court rejects Plaintiffs' invitation to turn what appears to be an issue of law into an issue of fact for the jury.

Second, Plaintiffs argue that the Court should apply Delaware law to the specific issue of the conduct of Amtrak's Delaware employees. While Washington authorities do state that the choice of law analysis should be determined as to the issue at hand, Plaintiffs fail to cite any authority for the proposition that the conduct of Amtrak's Washington employees is subject to the law of Washington and the conduct of Amtrak's Delaware employees is subject to the law of Delaware on the same claim for the same injury. This is a novel question that may ultimately be resolved by a higher court. At this point, however, Plaintiffs fail to persuade the Court to proceed under a dual jurisdiction theory of recovery. Therefore, the Court rejects Plaintiffs' arguments and grants Defendants' motion for the reasons set forth in the Court's prior orders and the reasons set forth herein.

**C.  CPA**

Amtrak moves for summary judgment on Plaintiffs' CPA claims arguing that (1) the claims are preempted, (2) Plaintiffs fail to establish the elements of a CPA claim, and (3) Plaintiffs lack standing to seek injunctive relief. Dkt. 39 at 23–31. Regarding preemption and the elements of the claim, the Court denies Amtrak's motion for the reasons set forth in similar orders. *See, e.g.*, *Garza*, 2019 WL 4849489, at *3–8.

Regarding standing, Plaintiffs fail to submit evidence to meet their burden in opposition to summary judgment. While Plaintiff cite authorities for the proposition that

"a previously deceived plaintiff may have standing to seek injunctive relief," *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 640 (2018), Plaintiffs' only evidence in support of their position is a declaration by Mitchem, Dkt. 46 at 260. This evidence is now irrelevant because the parties have settled Mitchem's claims. Dkt. 52. Turning to the other Plaintiffs, they have failed to submit any evidence of an imminent or actual threat of future harm in purchasing tickets from Amtrak. *See Davidson*, 889 F.3d at 971 ("we hold that Davidson adequately alleged that she faces an imminent or actual threat of future harm due to Kimberly–Clark's false advertising."). Therefore, the Court grants Amtrak's motion on the issue of injunctive relief under the CPA.

## III. ORDER

Therefore, it is hereby **ORDERED** that Amtrak's motion for summary judgment on punitive damages and the CPA claims, Dkt. 39, is **GRANTED in part** and **DENIED in part** as stated herein.

Dated this 8th day of January, 2020.

BENJAMIN H. SETTLE
United States District Judge